

**ORDERED in the Southern District of Florida on March 8, 2019.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No.: 18-18279-MAM |
| MARK CARMEL,<br>    Debtor.<br>_____/ | Chapter 7 |
| STOK FOLK + KON, P.A.,<br>    Plaintiff. | Adv. Proc. No. 18-01331-MAM |
| v. | |
| MARK CARMEL, RANDALL CARMEL,<br>ALLEN LAMBERG, and NORMAN FLEISHER,<br>PANKAUSKI HAUSER PLLC,<br>    Defendants.<br>_____/ | |

### ORDER DISMISSING *SUA SPONTE* COUNTS I, II, AND V AS TO REMAINING DEFENDANTS, ABSTAINING FROM DETERMINATION OF COUNTS I, II, IV, V AND VI, AND ABATING ADVERSARY PROCEEDING

**THIS MATTER** came before the Court *sua sponte*. Having considered all relevant pleadings, the record of this Adversary Proceeding, and the record of the main bankruptcy case, the Court issues this order (i) dismissing Counts I, II, and V

as to all Remaining Defendants (as defined herein), (ii) abstaining from determination of Counts I, II, IV, V, and VI, and (iii) abating all further proceedings and discovery in this Adversary Proceeding pending the resolution of all related matters in the Probate Case.

I. Background

Mark Carmel, the above-captioned debtor ("Debtor") is a beneficiary under the will (the "Will") of Herbert Carmel, Debtor's father (the "Testator"). Randall Carmel ("Randall"), Debtor's brother, submitted the Will to probate on May 18, 2017 in the Circuit Court for Palm Beach County, Florida, Probate Division (the "Probate Court"). The Fourth Codicil to the Will specifies that certain assets bequeathed to Debtor (the "Disputed Assets") are to be held in a spendthrift trust (the "Spendthrift Trust") and further names Randall and Allen Lamberg ("Lamberg") as the trustees of the Spendthrift Trust.

The issues giving rise to this Adversary Proceeding all arose prepetition during the administration of the Will (the "Probate Case"). During the Probate Case, the Probate Court terminated the Spendthrift Trust, then vacated the order terminating the Spendthrift Trust. Due to this unusual sequence of events, the parties to this Adversary Proceeding found themselves embroiled in prepetition litigation regarding the nature of Debtor's interest in the Disputed Assets. Further complicating matters, Debtor's prepetition probate counsel, Plaintiff Stok Folk + Kon ("Plaintiff") and Defendant Pankauski Hauser PLLC ("PH") each asserted charging liens against any

potential distributive share of Debtor in the Testator's probate estate.

II.     Procedural History

The Debtor filed his chapter 7 bankruptcy case (the "Bankruptcy Case") on July 9, 2018 (the "Petition Date"), thereby staying litigation proceedings in the Probate Case. Approximately one month later, on August 2, 2018, Plaintiff filed the complaint (ECF No. 1) (the "Original Complaint") that commenced this adversary proceeding (the "Adversary Proceeding"). On August 21, 2018, Randall and Lamberg (collectively, "Trustee Defendants") filed a motion to dismiss (the "First Motion to Dismiss") the Original Complaint.

On September 18, 2018, the Court conducted a hearing on the First Motion to Dismiss. In connection with the Court's entry of an order (ECF No. 18) dismissing the Original Complaint, the parties agreed that Plaintiff would amend the Original Complaint within 14 days. Plaintiff timely filed an Amended Complaint.

a. The Amended Complaint and Second Motion to Dismiss

. The Amended Complaint asserts nine causes of action (each individually, a "Count") against Debtor, Trustee Defendants, Norman Fleisher ("Fleisher"), and PH (collectively, the "Defendants") as described below:

| | | |
|---|---|---|
| Count I | Declaratory Judgment Pursuant to 22 U.S.C. § 2201, *et seq.* (determination as to whether the Disputed Assets constitute property of the estate) | Against all Defendants |
| Count II | Declaratory Judgment Pursuant to 22 U.S.C. § 2201, *et seq.* (determination as to the validity, priority, and extent of the SFK Lien against the Disputed Assets) | Against all Defendants |

3

| | | |
|---|---|---|
| Count III | Declaratory Judgment Pursuant to 22 U.S.C. § 2201, *et seq.* (determination as to the validity, priority, and extent of the PH Lien against the Disputed Assets) | Against PH |
| Count IV | Breach of contract | Against Debtor |
| Count V | Foreclosure of SFK Lien (against the Disputed Assets) | Against all Defendants |
| Count VI | Fraud in the inducement of the contract | Against Debtor |
| Count VII | Exception from Discharge Pursuant to 11 U.S.C. § 523(a)(2) | Against Debtor |
| Count VIII | Exception from Discharge Pursuant to 11 U.S.C. § 523(a)(4) | Against Debtor |
| Count IX | Exception from Discharge Pursuant to 11 U.S.C. § 523(a)(6) | Against Debtor |

Trustee Defendants timely responded to the Amended Complaint with another motion to dismiss (the "Second Motion to Dismiss"). The Second Motion to Dismiss sought dismissal of Counts I, II, III, and V of the Amended Complaint as to Trustee Defendants. The remaining co-defendants (Debtor, Fleisher, and PH, collectively, the "Remaining Defendants") each answered the Amended Complaint.

    b. The Dismissal Order

On March 8, 2019, the Court entered a lengthy opinion and order (ECF No. 151) (the "Dismissal Order") granting the Second Motion to Dismiss. In the Dismissal Order, the Court set forth a thorough analysis of the allegations in the Amended

Complaint.[1] Upon review of the Amended Complaint, the exhibits thereto, all relevant pleadings, and the record in both the Bankruptcy Case and this Adversary Proceeding, the Court determined that Counts I, II, and V should be dismissed as to Trustee Defendants based upon this Court's lack of *in rem* jurisdiction over the Disputed Assets.[2] The Court also concluded that (i) even if it otherwise might hold *in rem* jurisdiction over the Disputed Assets, the federal probate exception prevented this Court from exercising that jurisdiction and, further, (ii) it was appropriate for this Court to abstain from determination of all state law matters relating to the Probate Case.

   c. The Summary Judgment Order

On February 11, 2019, Plaintiff filed *Stok Folk + Kon's Motion for Summary Judgment on Count III of the Amended Adversary Complaint [DE 28] and Incorporated Memorandum of Law* (ECF No. 116) (the "Summary Judgment Motion"). On March 8, 2019, in connection with entry of the Dismissal Order, the Court issued an order (ECF No. 152) (the "Summary Judgment Order") denying summary judgment and dismissing Count III in its entirety for the reasons stated in the Dismissal Order.

   d. Claims Against Remaining Defendants

---

[1] For brevity, the Court will not repeat the full analysis herein. This Order incorporates by reference the Dismissal Order's findings and conclusions of law.

[2] Because Trustee Defendants were not named as defendants to Count III, the Court confined its holding to only Counts I, II, and V of the Amended Complaint.

5

As described above, the Amended Complaint asserted a total of nine causes of action against five Defendants, but not all counts are asserted against all Defendants. Because only Trustee Defendants moved to dismiss the Amended Complaint, the Court finds it prudent to clarify the impact of the analysis set forth in the Dismissal Order upon the claims asserted in the Amended Complaint against the Remaining Defendants.

The following Counts of the Amended Complaint presently remain unresolved as to the parties listed:[3]

| | | |
|---|---|---|
| Count I | Declaratory Judgment | Against Debtor, Fleisher, and PH |
| Count II | Declaratory Judgment | Against Debtor, Fleisher, and PH |
| Count IV | Breach of contract | Against Debtor |
| Count V | Foreclosure of SFK Lien (against the Disputed Assets) | Against Debtor, Fleisher, and PH |
| Count VI | Fraud in the inducement of the contract | Against Debtor |
| Count VII | Exception from Discharge Pursuant to 11 U.S.C. § 523(a)(2) | Against Debtor |
| Count VIII | Exception from Discharge Pursuant to 11 U.S.C. § 523(a)(4) | Against Debtor |
| Count IX | Exception from Discharge Pursuant to 11 U.S.C. § 523(a)(6) | Against Debtor |

---

[3] The Court dismissed Count III as to the only named defendant, PH, in the Summary Judgment Order.

III. <u>Analysis</u>

    a. <u>Dismissal and Abstention (Counts I, II, IV, V, and VI)</u>

Although the Court confined its ruling in the Dismissal Order to only Trustee Defendants, the analysis set forth in the Dismissal Order is jurisdictional and therefore is dispositive as to the claims asserted in Counts I, II, and V against all Defendants. The Disputed Assets remain in the Spendthrift Trust, which is excluded from Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2). The Probate Court's jurisdiction over the Disputed Assets (via its jurisdiction over the *res* of the Testator's probate estate) prevents this Court from simultaneously exercising jurisdiction over the same property. *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006); *Nickless v. Kessler (In re Berman),* 352 B.R. 533, 543 (Bankr. D. Mass. 2006); *see also Colorado River Water Conservation District v. U.S.,* 424 U.S. 800, 818-19 (1976)) ("It has been held, for example, that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts.").

Similarly, the Court's analysis regarding abstention in the Dismissal Order applies to all Counts based in state law asserted against all Defendants.[4] The issues

---

[4] Bankruptcy courts generally consider several factors when determining whether permissive abstention is appropriate:
  (1)    The effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised;
  (2)    The extent to which state law issues predominate over bankruptcy issues;
  (3)    The difficulty or unsettled nature of the applicable state law;
  (4)    The presence of related proceedings commenced in state court or other non-bankruptcy courts;
  (5)    The jurisdictional basis, if any, other than § 1334;

raised in this Adversary Proceeding had their genesis in the Probate Case. The allegations set forth in the Amended Complaint are inextricably intertwined with the administration of the Testator's probate estate and conduct of Debtor relating to that administration. Issues relating to any malfeasance or fraud alleged to have occurred during prepetition proceedings before the Probate Court should be heard by that court as it is the court upon whom the fraud may have been visited. The Probate Court is therefore the most appropriate court to determine all matters of state law relating to or arising within the context of the Probate Case.

In addition to satisfying the factors addressed in the Dismissal Order, abstention as to all Defendants with respect to Counts I, II, IV, V, and VI is also appropriate because it will avoid piecemeal litigation of overlapping issues.[5] *C.f. Telluride Global Dev., LLC v. Bullock (In re Telluride Global Dev. LLC)*, 380 B.R. 585,

---

|     |     |
| --- | --- |
| (6) | The degree of relatedness or remoteness of the proceedings to the main bankruptcy case; |
| (7) | The substance rather than the form of an asserted "core" proceeding; |
| (8) | The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; |
| (9) | The burden on the bankruptcy court's docket; |
| (10) | The likelihood that the commencement of the proceedings in bankruptcy court involves forum shopping by one of the parties; |
| (11) | The existence of a right to jury trial; |
| (12) | The presence in the proceeding of non-debtor parties; |
| (13) | Comity; and |
| (14) | The possibility of prejudice to other parties in the action. |

*E.S. Bankest, LLC v. United Beverage Florida, LLC (In re United Container LLC),* 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002).

[5] To the extent that, absent dismissal, this Court could determine Count III of the Amended Complaint, the Court has already abstained from such determination in the Summary Judgment Order. The Summary Judgment Order incorporates by reference the rationale set forth in the Dismissal Order.

593 (10th Cir. BAP 2007) (citing *Colorado River,* 424 U.S. at 818-19, and listing abstention factors)). State law issues, including validity and priority of liens, contract interpretation, and fraud in the inducement, predominate this Adversary Proceeding. *Id.* Because the litigation giving rise to the Amended Complaint originated in state court, all parties in interest to that litigation—including potential beneficiaries of the Will—will have ample opportunity to pursue claims and be heard in that forum. *Id.*

Accordingly, despite the filing of responsive pleadings by the Remaining Defendants, the Court will dismiss Counts I, II, and V in their entirety as to the Remaining Defendants for the reasons stated in the Dismissal Order and herein. Further, to the extent that (absent dismissal) the Court could exercise jurisdiction over Counts I, II, IV, V, and VI of the Amended Complaint as to any of the Remaining Defendants, including Debtor, the Court will abstain from determination of these claims as to any of the Remaining Defendants.

      b. <u>Abatement of Bankruptcy Litigation</u>

With respect to the nondischargeability claims asserted against Debtor (Counts VII, VIII, and IX, the "<u>Nondischargeability Claims</u>"), the Court believes that the potential for inconsistent results warrants abatement of all litigation in this Adversary Proceeding pending final resolution by the Probate Court of all litigation arising from or relating to the Probate Case. Central to Plaintiff's allegations in the Amended Complaint are factual arguments supporting a potential finding of a fraud upon the Probate Court. If these allegations are supported by the facts and evidence,

9

then there is no question that the Probate Court is the appropriate court to issue any necessary orders, remedies, or sanctions, as the court upon which the fraud was visited. *Skipper v. Schumacher*, 160 So. 357, 359 (Fla. 1935); *Zemurray v. Kilgore*, 177 So. 714, 718 (Fla. 1937).

More importantly for the purposes of this Court's present analysis, the Probate Court's determination regarding whether Debtor fraudulently induced Plaintiff to represent him in the Probate Case will likely be highly pertinent to this Court's determination of the Nondischargeability Claims. *See generally St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675-76 (11th Cir. 1993) (discussing concept of collateral estoppel). This Court will not undertake the analysis of whether any fraud allegedly occurring during the Probate Case resulted in a nondischargeable obligation of Debtor until the Probate Court has determined whether a fraud was visited upon that court or the parties before it.

    c. <u>Pending Motions in Adversary Proceeding</u>

This Adversary Proceeding has several pending motions, including an omnibus motion for sanctions filed by Plaintiff (ECF No. 139), a motion filed by Debtor requesting a "stay" of Plaintiff's claims (ECF No. 143), as well as numerous motions relating to discovery disputes (s*ee, e.g.,* ECF Nos. 102, 108, 118, and 131). Based upon the Court's conclusions in the Dismissal Order, the Summary Judgment Order, and herein, all pending motions in this Adversary Proceeding will be denied without prejudice against refiling upon the conclusion of all related proceedings in the Probate

Case. In addition, all pending discovery will be abated until further order of this Court.

CONCLUSION

For the reasons stated herein and in the Dismissal Order, the Court concludes that it is appropriate to (i) dismiss Counts I, II, and V as to all Remaining Defendants, (ii) abstain from determination of Counts I, II, IV, V, and VI, and (iii) abate all further proceedings in this Adversary Proceeding pending resolution of all related matters in the Probate Case. Accordingly, the Court, having considered all relevant pleadings, the record of this Adversary Proceeding, and the record of the Bankruptcy Case, and being otherwise fully informed in the premises, hereby **ORDERS AND ADJUDGES** that:

1. The Court *sua sponte* **DISMISSES** Counts I, II, and V as to the Remaining Defendants (Debtor, Fleisher, and PH) for the reasons stated herein and in the Dismissal Order, which include this Court's lack of *in rem* jurisdiction over the Disputed Assets and application of the federal probate exception.[6]

2. To the extent that, absent dismissal, this Court could determine Counts I, II, and V of the Amended Complaint as to the Remaining Defendants, the Court **ABSTAINS** for the reasons stated herein and in the Dismissal

---

[6] The Court previously dismissed Count III, which was asserted only against PH, in the Summary Judgment Order.

Order.

3. The Court **ABSTAINS** from determination of Counts IV and VI of the Amended Complaint for the reasons stated herein and in the Dismissal Order.

4. All pending litigation in this Adversary Proceeding, including litigation of the Nondischargeability Claims (Counts VII, VIII, and IX), is **ABATED** pending further Order of this Court. The abatement of this Adversary Proceeding includes a stay of all discovery propounded in connection with this Adversary Proceeding.

5. Plaintiff may move to lift the abatement of this Adversary Proceeding upon the conclusion of all related litigation in the Probate Case.

6. The Court will conduct a status conference for this Adversary Proceeding on **December 10, 2019** at **10:00 a.m**. at the U.S. Bankruptcy Court in the Flagler Waterview Building, 1515 N. Flagler Dr., 8th Floor, Courtroom A, West Palm Beach, FL 33401.

7. All pending motions in this Adversary Proceeding are **DENIED** without prejudice against refiling at a future date.

8. The Court retains jurisdiction over all matters directly relating to the interpretation and enforcement of this Order.

###

Copies furnished to:

AUST

All interested parties by the Clerk of Court